Black, J.
The will of Lewis Sells, which has been admitted to probate, nominates Rhoda Jane Sells and Mary Green executors, -the former being the decedent’s widow and the latter his sister.
Mrs. Sells refuses to be qualified as executor, and Mrs. Green applies for letters testamentary. Mrs. Sells and her daughter object to the court issuing letters to Mrs. Green.
The will practically divides the estate into three equal parts, giving to the widow one-third, the daughter one-third and to Sirs. Green and her sisters one-third. Doubtless the testator desired that the management and control of his estate should remain in the hands of the objects of his bounty in naming his wife and sister executors. He evidently did not contemplate that either would refuse to act, but he did have in mind that either might die before the final settlement, and in suefi event *630 lie nominated his nephew, Frank Green, the son of Mary Green, to act as successor. In one event contemplated Mary Green and her son might have been in control of the estate. It is not to be inferred from the will that the testator would not have named Mary Green as executor, had he known or anticipated that his wife would refuse to accept the trust.
Section 6000, Revised Statutes, provides:
“If any person who is named as executor in the will of a decedent shall refuse to accept the trust, the court shall grant letters testamentary to the other executor, if there be any capable and willing to accept the trust. ’ ’
It is urged that letters testamentary should not issue to Mary Green, because it is claimed the evidence shows she is not a suitable person to administer the estate, in that she has not the requisite business qualifications to manage so large an estate; that there is ill-feeling between her and Mrs. Sells, which would prevent that freedom of intercourse necessary to the proper administration of the estate; and furthermore, that an action is about to be brought by Mrs. Sells to contest the will, in which action Mrs. Green and her sisters will be necessary defendants, and that such action will further intensify the hostile feeling existing between them.
It is further contended in behalf of the opposition to Mary Green’s appointment that the court may construe the word “capable” used in Section 6000, Revised Statutes, as synonymous with suitableness, and also as giving the court about the same latitude in such matters as it would have in proceedings to remove an executor.
This claim is put forward and relied upon because of the language used in Sections 6005 and 6017, Revised Statutes.
Section 6005 provides that the court has discretion to refuse to appoint one of those named in the section as entitled to preference as administrator, if he is “incompetent, or evidently unsuitable for the discharge of the trust.”
Section 6017 provides for the removal of executors and administrators on various grounds therein named, including any “cause which in the opinion of such court renders it for the *631 best interest of tbe estate that such executor or administrator be removed.”
It seems that at common law all persons are capable of becoming executors who are capable of making wills, and this rule of action has been adopted by many courts of last resort in this country" and has been followed by some of the lower courts of this state. Under this rule the probate court has no power to appoint a person executor not named in the will, unless the person named refuses or neglects to qualify, or is not capable in the sense that he has not sufficient capacity to make a will himself.
While we think the common law rule should be considered in construing Section 6000 of the Ohio statutes, we do not think the use of the word “capable” therein confines the discretion of the court to the narrow limits of the common law on this subject.
The word capable is defined as ability, power or qualification. One who could not write and read, or who was totally blind and deaf, or who was confined in the penitentiary, or an imbecile physically or mentally, would be incapable of executing" a trust such as is imposed by the will at bar. So, also, the conditions of a will naming two executors might be such that one executor could not discharge the trust.
With reference to these different sections of the Ohio statutes, however, the court is of the opinion that the different qualifying words therein were used and employed advisedly and to express different and distinct conditions. We think that under these sections one might be capable who, because of his hostile attitude toward others interested in the estate or from lack of business qualifications, was unsuitable, or of whom the court might properly find in a proper proceeding it "would be for the best interest of the estate to remove. In other words, the court is of the opinion that at this stage of the proceeding's there is no power to consider Mrs. Green’s attitude toward the other beneficiaries, or her want of business experience, or her unsuitableness for any reason which does not amount to mental or physical incapacity to discharge the trust.
II. J. Booth, J. Warren Keifer and A. T. Seymour, for Mrs. Sells.
W. II. Jones and W. 0. Henderson, for Mrs. Green.
The case of Fox v. Keister, 6 N. P., 327, decided that in proceedings under Section 6017, a written application must be filed stating the facts which constitute the cause of removal, and upon the charges therein made the person charged should have an opportunity to be heard. This decision was by a common pleas court and was affirmed by a circuit coifrt. To now decide in this proceeding that the facts brought out in the evidence constitute sufficient grounds for removal, and act upon such finding by refusing to appoint Mrs. Green executor, would be to anticipate that which may not be done and to deprive her of the right to be confronted with and to meet specific charges. We think such course would be clearly erroneous.
The court is therefore of the opinion that it can not now consider whether Mrs. Green is a suitable person to discharge the trust, or whether her appointment is not for the best interests of the estate, but can only consider the question of Mrs. Green’s capacity to discharge the trust, and that the evidence offered is not sufficient to show her incapacity in the sense required by law.